UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DETRIA L. WATSON,

                        Plaintiff,                   5:12-CV-01607
                                                                     (MAD/TWD)

   v.

THE HARTFORD, et al.,

                        Defendants,
_____

APPEARANCES:                                     OF COUNSEL:

DETRIA L. WATSON
Plaintiff pro se

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

**I.    INTRODUCTION**

This matter is presently before the Court to consider whether this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based upon *pro se* Plaintiff Detria L. Watson's failure to prosecute. For the reasons that follow, I recommend the action be dismissed without prejudice.

**II.    PROCEEDINGS TO DATE**

Plaintiff commenced this civil rights action for employment discrimination based upon race in October 2012. (Dkt. No. 1.) Plaintiff's requests to proceed *in forma pauperis* were denied and the filing fee was paid on 5/24/2013. (Dkt. Nos. 3 and 7; Clerk's Docket Entry dated 5/24/2013.) A summons was issued for each of the three Defendants on 6/12/2013 (Dkt. No. 9), along with General Order 25 which directed Plaintiff to serve the summons and complaint within 60 days. (Dkt. No. 10.) No affidavits of service have ever been filed. Thereafter, Plaintiff was ordered to file status reports

with the Court on 9/9/2013, 10/7/2013, 10/25/2013, and 12/3/2013 regarding service of the complaint. (Dkt. Nos. 13, 14, 15 and 16.) Plaintiff was also warned that failing to file a status report in accordance with the Court's orders may result in penalties including the dismissal of the complaint without prejudice. (Dkt. Nos. 14, 15 and 16.)

As of the date of this Report and Recommendation, Plaintiff has failed to file status reports as ordered by the Court. Plaintiff has also failed to file any affidavits of service. Further, Plaintiff's time to serve the complaint has expired. *See* Local Rule 4.1(b).

## III. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the case, or to comply with the procedural rules or orders of the court. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 U.S. Dist. LEXIS 12296, at *2, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (Pooler, J.).[1] Even though Rule 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint, *sua sponte*, for failure to prosecute. *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980). It is also well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

The correctness of a Rule 41(b) dismissal is determined in light of five factors: (1) the duration

---

[1] The Court will provide Plaintiff with a copy of all of the unpublished decisions cited in this Report-Recommendation in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

of plaintiff's failure to comply with the court order (or the court's procedural rules); (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In considering the duration of Plaintiff's failure to prosecute her claims, the Court notes that Local Rule 41.2(a) of the Northern District states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a). Upon review of the docket, it appears that Plaintiff has failed to follow the orders of the Court since 6/12/2013. (*See* Dkt. No. 10; *see also* Dkt. Nos. 13, 14, 15, and 16.) Despite prodding from the Court, Plaintiff has not followed the Court's directives after being given several opportunities to do so. Thus, the Court finds that the first factor weighs in favor of dismissal.

"The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction." *Folk v. Rademacher*, No. 00-CV-199S, 2005 U.S. Dist. LEXIS 32899, at *10, 2005 WL 2205816, *4 (W.D.N.Y. Sept. 9, 2005) (citing *Martens v. Thomann*, 273 F.3d 159, 180-81 (2d Cir. 2001)). Here, Plaintiff failed to provide status reports regarding service of the complaint after being directed to do so multiple times by the Court. (Dkt. Nos. 13, 14, 15, and 16.) Clearly, Plaintiff has failed to follow the Court's orders and provide information as directed after having been placed on notice in three Court orders (Dkt. Nos. 14, 15, and 16) that her failure to do so would constitute grounds for a recommendation of dismissal. *See Nolan v. Primagency, Inc.*, No. 07 Civ. 134, 2008 U.S. Dist. LEXIS 31268, at *10, 2008 WL 1758644, at *3 (S.D.N.Y. Apr. 16, 2008) ("The

3

Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met.") (citing *Shannon v. General Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999)); *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005) ("A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal."). Thus, the second factor weighs in favor of dismissal.

The third factor is also satisfied as further delay is likely to prejudice Defendants. The events giving rise to Plaintiff's claims occurred in March through May 2011. Defendants have not been served with the summons and complaint to date. Further delay may well affect Defendants' ability to locate witnesses and to preserve evidence. *See, e.g., Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (passage of time would cause memories to fade).

Under the circumstances, the Court finds that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case. It is the need to monitor and manage cases such as this that delay the resolution of other cases, and that contribute to the Second Circuit's relatively long median time to disposition for such civil rights cases.

Finally, the Court has carefully considered sanctions less drastic than dismissal and finds them to be inadequate under the circumstances.

## IV.   CONCLUSION AND RECOMMENDATION

The Court's records fail to reveal that any meaningful steps have been taken by the Plaintiff to pursue her claims in this action since a summons was issued for each of the Defendants. Despite several directives from the Court requesting information from Plaintiff concerning the status of the action, Plaintiff has repeatedly failed to comply and has provided no information to the Court

4

concerning any measures taken to pursue the action, or from which the Court could meaningfully gauge her level of persistence and enthusiasm for pursuing the action. Accordingly, based upon Plaintiff's failure to serve the summons and complaint in accordance with the Local Rules and her failure to comply with directives from the Court, and after considering the factors relevant to a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, it is hereby respectfully

**RECOMMENDED** that this action shall be **DISMISSED without prejudice**, for failure to prosecute.

**ORDERED** that the Clerk provide Plaintiff with copies of *Folk v. Rademacher*, No. 00-CV-199S, 2005 U.S. Dist. LEXIS 32899, 2005 WL 2205816 (W.D.N.Y. Sept. 9, 2005); *Freeman v. Lundrigan*, No. 95-CV-1190, 1996 U.S. Dist. LEXIS 12296, 1996 WL 481534 (N.D.N.Y. Aug. 22, 1996); and *Nolan v. Primagency, Inc.*, No. 07 Civ. 134, 2008 U.S. Dist. LEXIS 31268, 2008 WL 1758644 (S.D.N.Y. Apr. 16, 2008); and it is further

**ORDERED** that the Clerk serve a copy of this Report and Recommendation on the Plaintiff in accordance with the Court's local rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72.

Dated: December 31, 2013
      Syracuse, NY

Thérèse Wiley Dancks
United States Magistrate Judge

5