**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DETRIA L. WATSON,**

                          **Plaintiff,**

    vs.                                                **5:12-cv-1607
                                                            (MAD/TWD)**

**THE HARTFORD, LAURA MCGREW,
and DAVID PETROVICH**

                          **Defendant.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**DETRIA L. WATSON**
102 Scottholm Boulevard
Syracuse, New York 13224
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

In October of 2012, Plaintiff commenced this action against Defendants pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, and the Age Discrimination in Employment Act, alleging that her employment was unlawfully terminated based upon her race, gender, age, and disability. *See* Dkt. No. 1.

In a December 31, 2013, Report-Recommendation and Order, Magistrate Judge Thérèse Wiley Dancks recommended dismissal of Plaintiff's complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 17. Magistrate Judge Dancks noted that following the issuance of summonses for each of the three defendants in July 2013, Plaintiff failed to comply with four separate court orders directing Plaintiff to file status reports regarding service of the complaint. *See id.* at 1-2. Plaintiff was repeatedly warned that such failure could result in penalties including dismissal of the complaint without prejudice. *See id.* at 2. To date,

Plaintiff has not filed any affidavits of service or status reports with the Court. As such, Magistrate Judge Dancks recommended that the Court dismiss the complaint without prejudice for failure to prosecute, "based upon Plaintiff's failure to serve the summons and complaint in accordance with the Local Rules and her failure to comply with directives from the Court, and after considering the factors relevant to a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* at 5. Plaintiff has not objected to Magistrate Judge Dancks' Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v.*

2

*Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Dancks' Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Dancks' correctly recommended that the Court should dismiss Plaintiff's complaint without prejudice. Upon review of the docket, it is apparent that Plaintiff's complaint is subject to dismissal for failure to prosecute. Plaintiff has not taken any action in this case since filing an acknowledgment of receipt of the Notice and Pro Se Handbook in June of 2013. *See* Dkt. No. 12. The Court also notes that Plaintiff's complaint is also subject to dismissal since her time to serve the complaint under Rule 4(m) of the Federal Rules of Civil Procedure has expired. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . . ."). Thus, Magistrate Judge Dancks' correctly recommended that the Court dismiss the complaint without prejudice.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation and Order is **ACCEPTED in its entirety** for the reasons stated therein**;** and the Court further

**ORDERS** that this action is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated: April 14, 2014
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge